Per Curiam.

The Board of Tax Appeals conld very well have opened np the case and heard additional evidence on the question, hut apparently did not think it necessary to do so.
In its entry it states:
“It is obvious that trucks, such as are involved herein, can be used by retail furniture stores in many different ways, and that the tax status of the rental thereof depends upon proof, and not mere statement, that the trucks are actually used in such a way that the rental thereof is excepted from sales taxation. * * * In the instant case it is apparent that appellant, if it wished to overcome the presumption of taxability set out in R. C. Section 5739.02, should have established by competent and credible evidence that” the trucks were used exclusively or primarily to deliver merchandise to homes of customers who had purchased the merchandise, and that the contracts for the sale of merchandise required the seller to make deliveries to the places indicated by the customers.
Every sale or use of tangible personal property in Ohio is presumed to he taxable, and the burden rests on the taxpayer to establish affirmatively its right to the exceptions claimed. Standard Oil Co. v. Peck, Tax Commr., 163 Ohio St., 63.
It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on factual issues but only to determine from an examination of the record whether the decision reached by the board is unreasonable or unlawful.
From an examination of the record, this court is unable to find that the decision of the Board of Tax Appeals is unreasonable or unlawful. The decision is, therefore, affirmed.

Decision affirmed.

Taft, C. J., Zimmerman, Matthias, Griffith, Herbert and Gibson, JJ., concur.